# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-847V

| | |
|---|---|
| JUHA OH,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 28, 2024 |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*Joseph Douglas Leavitt*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 7, 2023, Juha Oh filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of influenza and tetanus, diphtheria, acellular pertussis vaccines administered to her on March 28, 2022. Petition, ECF No. 1. On June 4, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 23.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,690.78 (representing $35,906.10 in fees plus $2,784.68 in costs). Application for Fees and Costs ("Motion") filed June 11, 2024, ECF No. 27. Petitioner also filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 27-3. Respondent reacted to the motion on June 12, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 28. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested by attorney William Cochran and his supporting paralegals for work performed through 2024 are reasonable and consistent with prior determinations, and will therefore be adopted herein.

However, after reviewing the billing records submitted with Petitioner's request, I find that Mr. Cochran's billing entries pertaining to time expended on travel, requires further evaluation. On February 22-26, 2024, Mr. Cochran travelled from Memphis, TN to Portland, OR for an in-person meeting with Petitioner. According to the invoice submitted in support of such expense, it appears that the duration of the round-trip flight, including layovers, was 14.15 hours in total – 6.58 hours from Memphis to Portland, including layover, plus 7.57 hours with layover on the return flight. *See* flight itinerary at ECF No. 27-2 at 23. Yet, the billing records reflect that Mr. Cochran billed a total of 9.40 hours, at his regular hourly rate of $478, for the entire round-trip flight, requesting a total amount of $4,493.20 in travel reimbursement.[3] ECF No. 27-2 at 6-7.

This is not compliant with the Vaccine Program's requirements for reimbursement of eligible travel expenses. Special masters traditionally compensate time spent traveling at *one-half an attorney's hourly rate*. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Alternatively, Program attorneys may reduce the overall number of hours billed on travel by fifty percent.

---

[3] Based on the billing records, Mr. Cochran only reduced the total number of hours for the round-trip flight by 4.75 hours, *which does not* reflect the entire reduction of "one-half an attorney's hourly rate" or one-half of the total number of hours travelled as required by the Program. *Id.* Mr. Cochran failed to account for an additional 2.33 hours that needed to be deducted from his 9.40 hours of requested travel time.

Because Mr. Cochran did not properly reduce his travel time nor his hourly rate by half of what was actually expended herein, I hereby do so. **Application of the foregoing reduces the amount of fees to be awarded herein by $1,113.74**.[4]

## ATTORNEY COSTS

Petitioner has also requested a total of $2,784.68 in litigation costs. Such costs are associated with obtaining medical records, the Court's filing fee, postage costs and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses incurred by Attorney Cochran. The billing records reveal that during the aforementioned trip to Oregon in February 2024, Mr. Cochran stayed at The Nines Luxury Hotel at a rate of $259 per night. ECF No. 27-2 at 27. This nightly rate exceeds the federal government per diem rate for a hotel stay in Portland in 2024, which is $152 per night.[5] Accordingly, the undersigned will award the 2024 per diem nightly rate for Mr. Cochran's hotel stay, plus any applicable state and local taxes. **This results in a reduction of $107.00**.[6]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$37,470.04 (representing $34,792.36 in fees plus $2,677.68 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, William E. Cochran.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

---

[4] This amount is calculated as: (5.10 hrs. billed – 3.29 hrs. that should've been billed = 1.81 difference) + (4.30 hrs. billed – 3.78 hrs. that should've been billed = 0.52 difference) = 2.33 hours x $478 hourly rate = $1,113.74 difference. See flight itinerary at ECF No. 27-2 at 23.

[5] See GSA FY 2024 Per Diem Rates for Portland, Oregon at https://www.gsa.gov/travel/plan-book/per-diem-rates.

[6] This amount is calculated as ($259 - $152 per diem) = $107.00

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master
